# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| ROPER DOLLARHIDE, | 2:13-CV-1986 JCM (VCF) |
|---|---|
| Plaintiff(s), | |
| v. | |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant Chris Maxwell's ("Maxwell") motion to dismiss. (Doc. # 38). Plaintiff Roper Dollarhide has responded (doc. # 45), and defendant Maxwell has replied. (Doc. # 48)

Also before the court is plaintiff's motion to remand to state court. (Doc. # 7). Defendants Hartford Financial Services Group, Inc. ("Hartford"), Sentinel Insurance Group, Ltd. ("Sentinel"), and Maxwell filed a response in opposition. (Doc. # 22). Plaintiff filed a reply. (Doc. # 28).

**I.  Background**

The instant dispute arises out of a personal automobile insurance policy. (Doc. # 1 at 2). On June 21, 2010, plaintiff was involved in an automobile accident. (Doc. # 1 at 2). Plaintiff asserts that at the time of the accident, he was insured by defendant Hartford. (Doc. # 1 at 2). A disagreement arose between plaintiff and defendants Hartford and Maxwell, an insurance agent employed by Hartford, over plaintiff's entitlement to underinsured motorist benefits. (Doc. # 1 at 2). As a result,

**James C. Mahan**
**U.S. District Judge**

plaintiff filed the instant action against Hartford and Maxwell in Nevada state court on September 13, 2013. The case was removed to the United States District Court for the District of Nevada on October 29, 2013.

Plaintiff's complaint asserts claims of: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of Nevada's Unfair Claims Practices Act; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; (6) vicarious liability; (7) breach of fiduciary duty; and (8) negligent hiring, training, and supervision. Plaintiff does not specify which causes of action are brought against which defendants.

## II.     Legal Standard for Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Where the complaint does not permit the court to infer more than the mere possibility of
2  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
3  (internal quotations omitted). When the allegations in a complaint have not crossed the line from
4  conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

### III. Discussion

#### A. Motion to Dismiss

Plaintiff's complaint does not specify which causes of action plaintiff is bringing against which defendant. The only causes of action where plaintiff specifically names defendant Maxwell are the fourth and fifth claims for negligent infliction of emotional distress and intentional infliction of emotional distress. However, even if the court were to construe all of plaintiff's claims against defendant Maxwell, defendant's motion to dismiss prevails.

Defendant Maxwell is not a signatory to the insurance contract and thus no action exists against him for breach of the insurance contract. *Vargas v. Cal. State Auto. Assn. Inter-Ins. Bureau*, 788 F. Supp. 462, 464 (D. Nev. 1992). As this court specified in *Vargas*, "[i]f [the agent] did something within the scope of his agency that violated the terms of the contract, plaintiff's only recourse is to sue [the insurer] as [the agent's] principal and the signatory to the contract." *Id.*

In regard to plaintiff's breach of fiduciary duty claim, under Nevada law an insurance contract does not create a fiduciary relationship between insurer and insured. *See Martin v. State Farm Mut. Auto. Ins. Co.*, 960 F. Supp. 233, 235 (D. Nev. 1997). If such a claim cannot be raised against an insurance company, it certainly cannot be valid against an insurance agent.

As to plaintiff's claim for breach of the covenant of good fath a fair dealing, a bad faith claim cannot exist independent of the contract. *Vargas*, 788 F. Supp. at 465. Since defendant Maxwell was not a signatory to the insurance contract, he cannot be sued for bad faith.

Plaintiff's third cause of action arises out of NRS 686A.310(2). This provision creates a cause of action against insurers. NRS 686A.310(2) ("an insurer is liable to its insured for any damages sustained . . . as a result of . . . any act set forth in subsection 1 as an unfair practice"). Because this provision applies to insurers and not agents, plaintiff cannot state a claim against

James C. Mahan
U.S. District Judge

- 3 -

1  Maxwell under this provision.

2  Furthermore, plaintiff cannot allege vicarious liability against defendant Maxwell. First,
3  vicarious liability is a theory of liability, not an independent cause of action. *See Okeke v. Biomat*
4  *USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013). Second, plaintiff has not alleged any facts
5  for which defendant Maxwell could be found vicariously liable.

6  In regard to plaintiff's negligent hiring, training, and supervision claim, plaintiff does not
7  allege a single fact that defendant Maxwell hired, trained or supervised anyone whose conduct is
8  alleged to have been improper.

9  Therefore, the only claims plaintiff feasibly alleges against defendant Maxwell are negligent
10 infliction of emotional distress and intentional infliction of emotional distress.

11 Under NRS 11.190(4)(e), an action to recover damages for injuries to a person must be
12 commenced within two years. Plaintiff alleges that "from February through June 2011 [Mr.
13 Maxwell] harassed plaintiff and several of his medical providers and patients," causing emotional
14 distress. (Doc. # 1-1, at 15). Under Nevada law, the statute of limitations begins to run "when the
15 wrong occurs and a party sustains injuries for which relief could be sought." *Orr* v. *Bank of America,*
16 *NT & SA,* 285 F.3d 764, 780 (9th Cir. 2002) (quoting *Petersen* v. *Bruen,* 792 P.2d 18, 20 (Nev.
17 1990)). Plaintiff filed the instant matter on September 13, 2013, more than two years after the alleged
18 harassment.

19 Plaintiff argues his claim is not barred by the statute of limitations because of Nevada's
20 discovery rule. The discovery rule establishes that when a plaintiff has not discovered his injury or cause
21 of injury at the time of its occurrence, the statute of limitations is tolled "until the injured party
22 discovers or reasonably should have discovered facts supporting a cause of action." *Petersen,* 792
23 P.2d at 20.

24 The court finds that plaintiff realized his emotional injuries or should have reasonably
25 discovered these injuries before the two-year statute of limitations expired. Plaintiff alleges no facts
26 that would support a twenty-six month delay between the alleged harassment and the discovery of
27 plaintiff's emotional distress. The only support plaintiff provides for this bold assertion is that "it

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

wasn't until plaintiff decided to file his complaint on September 13, 2013, had [sic] he realized just how emotionally distressed Chris Maxwell's actions have caused him." Not only is this assertion unsupported by any facts to establish the manifestation of plaintiff's distress, accepting it as true would render the statute of limitations useless because any party could assert they did not "discover" their emotional injury until they filed a complaint. Accordingly, plaintiff's claims for negligent infliction of emotional distress and intentional infliction of emotional distress are time-barred pursuant to NRS 11.190(4)(e).

Plaintiff has therefore failed to allege with sufficient facts any causes of action against defendant Maxwell. Defendant Maxwell's motion to dismiss is granted.

### B.   Motion to Remand

Plaintiff seeks to remand this action to state court, arguing this court does not have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that he is a citizen of Nevada and that defendant Maxwell is a citizen of Nevada.

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought in federal court in the first place. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000. Because defendant Maxwell's motion to dismiss is granted, plaintiff's motion to remand to state court is denied, as the remaining parties are citizens of different states.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Maxwell's motion to dismiss (doc. # 38) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to remand to state court (doc. # 7) be, and the same hereby is, DENIED.

DATED April 17, 2014.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE