UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROPER DOLLARHIDE,<br><br>        Plaintiff(s),<br><br>v.<br><br>THE HARTFORD FINANCIAL<br>SERVICES GROUP, INC.,<br><br>        Defendant(s). | 2:13-CV-1986 JCM (VCF) |

**ORDER**

Presently before the court are defendants Hartford Financial Services Group, Inc.'s ("Hartford") and Sentinel Insurance Group, Ltd.'s ("Sentinel") motions to dismiss plaintiff Roper Dollarhide's complaint under Federal Rule of Civil Procedure 12(b)(6). (Docs. # 23 & 31). Plaintiff opposes both motions to dismiss, and requests leave to submit a second amended complaint. (Docs. # 31 & 50). Both defendants have submitted replies to plaintiff's opposition in support of the motions to dismiss. (Docs. # 39 & 53).

**I.     Background**

The instant dispute arises out of a personal automobile insurance policy. (Doc. # 18). On June 21, 2010, plaintiff was involved in an automobile accident. (Doc. # 18). Plaintiff asserts that at the time of the accident, he was insured by Hartford, Sentinel, or both. (Doc. # 18). A disagreement arose between plaintiff and defendants over plaintiff's entitlement to underinsured motorist benefits. (Doc. # 18). As a result, plaintiff filed the instant action against Hartford in

**James C. Mahan**
**U.S. District Judge**

Nevada state court on September 13, 2013. (Doc. # 1-1). The case was removed to the United States District Court for the District of Nevada on October 29, 2013. (Doc. # 1-6). The complaint was amended on November 26, 2013, to include defendant Sentinel. (Doc. # 18).

Plaintiff's first amended complaint asserts claims of: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of Nevada's Unfair Claims Practices Act; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; (6) vicarious liability; (7) breach of fiduciary duty; and (8) negligent hiring, training, and supervision. (Doc. # 18). Plaintiff does not specify which causes of action are brought against which defendants.

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action. . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotations omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

1  Where the complaint does not permit the court to infer more than the mere possibility of
2  misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*.
3  at 679 (internal quotations omitted).  When the allegations in a complaint have not crossed the line
4  from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Discussion**

Plaintiff's complaint does not specify which causes of action plaintiff is bringing against which defendant.  However, even if the court were to construe all of plaintiff's claims against each defendant, Hartford's and Sentinel's motions to dismiss plaintiff's allegations prevail because of the complaint's dearth of factual allegations.

The assertions contained within the breach of contract claim, though that section of the complaint "repeats and realleges each and every allegation set forth in paragraphs 1 through 13 of [the] [c]omplaint," are conclusory. (Doc. # 18 at 3).  These averments state that a legal claim exists, yet they do not describe how it emerged.  Moreover, the plaintiff asserts that either one or both of the insurers paid the defendant $5,000 for medical expenses and an "undisputed amount of $35,000 . . . ." (Doc. # 18 at 3).  There is no factual indication in the complaint how or in what way this disbursement breaches the insurance contract's terms.

Plaintiff's second claim for relief, bad faith, also fails to provide the requisite level of factual allegations.  *See Iqbal*, 556 U.S. at 678.  Paragraph twenty of the amended complaint alleges the "[d]efendants breached this covenant of good faith and fair dealing by [their] refusal to fairly evaluate [p]laintiff's claim . . ." yet does not mention how the evaluation method could be, or was, unfair.  (Doc. # 18 at 4).  Furthermore, the court agrees with Sentinel's argument that the subjective element of plaintiff's bad faith claim has not been properly asserted with factual allegations to establish even a presumption of unreasonability.  *See Iqbal*, 556 U.S. at 678; *Falline v. GNLV Corp*., 823 P.2d 888, 891 (Nev. 1991) (quoting *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz. 1981) (en banc)); (Doc. # 39).

The allegations under the Nevada Unfair Claims Practices Act (N.R.S. 686A.310) in both paragraph twenty-two of the claim of bad faith and the content of the unfair claims practices claim

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  fail under the same application of the *Iqbal* test. *See Iqbal*, 556 U.S. at 678-79; (Doc. # 18). Neither
2  the N.R.S. 686A.310 averments in the second nor the third claim possess the necessary factual
3  allegations to survive a motion to dismiss under Rule 12(b)(6). Paragraph twenty-two simply refers
4  to the third claim accusing N.R.S. 686A.310 violations without asseverating supporting facts.
5  Moreover, paragraphs twenty-six through thirty-six of the complaint generally reflect the statutory
6  text of N.R.S. 686A.310. (Doc. # 18). However, a recitation of the statute incorporating context-
7  specific conclusory statements constitutes an insufficient pleading. *Iqbal*, 556 U.S. at 678.

8  Plaintiff's claims of negligent infliction of emotional distress and intentional infliction of
9  emotional distress are time-barred per N.R.S. 11.190(4)(e) and were dismissed in the court's April
10 17, 2014, order. (Doc. # 54).

11 The sixth claim for relief is infeasible because vicarious liability is not an independent cause
12 of action. *See Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013). Moreover,
13 the accompanying claim against employee Chris Maxwell was dismissed on April 17, 2014, so this
14 theory of liability has no basis in any alleged tortious conduct by an employee of the defendants.
15 (Doc. # 54).

16 The seventh claim, breach of fiduciary duty, fails because of its solely conclusory allegations.
17 *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid
18 of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557).

19 The eighth claim, negligent hiring, training and supervision, states in paragraph fifty-four:
20 "As described in detail in the above paragraphs incorporated herein, these [d]efendants failed to meet
21 this obligation and breached this duty to adequately hire, train and supervise each of their staff and
22 other agents." (Doc. # 18 at 8). However, much of the amended complaint's contents prior to
23 paragraph fifty-four have been conclusory statements themselves and thus do not elevate the instant
24 claim to the standard of "plausibility." *See Iqbal*, 556 U.S. at 678. Hence, plaintiff has failed to
25 allege with sufficient facts any causes of action against defendants Hartford and Sentinel.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    While the proposed, second-amended complaint includes new factual allegations regarding
2 the alleged pecuniary amount at stake, the complaint remains replete with conclusory statements.
3 (Doc. # 31).  Thus, for the aforementioned reasons, the proposed amended complaint is also
4 insufficient.  Therefore, leave to amend the complaint is denied.

5    Accordingly,

6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this action is dismissed
7 without prejudice pursuant to Rule 12(6)(b) based on plaintiff's failure to state a claim. Defendants'
8 motions to dismiss (docs. # 23 & 47) are GRANTED.

9    IT IS FURTHER ORDERED that plaintiff's request for leave to amend the complaint (doc.
10 # 50) be, and the same hereby is, DENIED.

11   IT IS FURTHER ORDERED that plaintiff, if he chooses to amend his complaint, file a
12 motion to amend within thirty (30) days of the date of the issuance of this order and comply with the
13 requirements of Local Rule 15-1.

14   DATED June 16, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -